

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2005

# McDaniel v. Turnbach

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2801

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McDaniel v. Turnbach" (2005). *2005 Decisions.* Paper 440.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/440

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-371                                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2801
_____

MICHAEL P. MCDANIEL,
Appellant

v.

EDWARD J. TURNBACH;
PETER J. GIOVINE,
Individually and in their/his official capacity,
as Justice of the Superior Court of Ocean County

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-04740)
District Judge: Mary L. Cooper

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 15, 2005

Before: RENDELL, FISHER AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: October 7, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Michael P. McDaniel, a state prisoner proceeding pro se, appeals the

May 20, 2005, order of the United States District Court for the District of New Jersey

dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will dismiss the appeal as frivolous. See 28 U.S.C. § 1915(e)(2)(B); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In 2000, McDaniel was charged with two counts of second-degree robbery by separate indictments in Ocean County, New Jersey. McDaniel's case was initially assigned to Superior Court Judge Giovine, who set bail at $50,000.00. According to his complaint, after McDaniel filed a motion to recuse Judge Giovine, his case was reassigned to Superior Court Judge Turnbach. In 2001, McDaniel was convicted by a jury of one count of second-degree robbery, and pled guilty to one count of second-degree robbery. McDaniel was sentenced in August 2001, and has since been incarcerated at the New Jersey State Prison in Trenton.

In October 2003, McDaniel submitted the underlying complaint pursuant to 42 U.S.C. § 1983 in the District Court. In his complaint, McDaniel alleged that Judges Giovine and Turnbach violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights during his 2000 and 2001 criminal proceedings. McDaniel sought equitable relief, asking the District Court to enter an order deciding whether: (1) his extended term sentence is appropriate, he is a habitual offender, and his guilty plea was knowing and intelligent; and (2) Judges Giovine and Turnbach admitted "tainted" evidence because of racial bias.

In an order entered on May 20, 2005, the District Court sua sponte dismissed

2

McDaniel's complaint pursuant to § 1915(e)(2)(B).  First, insofar as McDaniel was attempting to challenge the fact or duration of his conviction or sentence, the District Court concluded that his sole remedy is a federal petition for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).  The District Court next explained that, to the extent that McDaniel's claims "would necessarily imply the invalidity of his conviction or sentence, they are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Finally, the District Court concluded that even if McDaniel's complaint could be read as asserting a claim for damages against Judges Giovine and Turnbach, dismissal would be appropriate because they are absolutely immune from suit for damages under § 1983 when they act in a judicial capacity.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.  McDaniel has been granted leave to proceed in forma pauperis on appeal.  When an appellant proceeds in forma pauperis, this Court must dismiss the appeal if it is "frivolous."  28 U.S.C. § 1915(e)(2)(B).  A frivolous appeal has no arguable basis in law or fact.  Neitzke, 490 U.S. at 325.  After a careful review of the record, we will dismiss this appeal as frivolous because McDaniel's claims lack merit for the reasons fully explained in the District Court's comprehensive opinion.